JUSTICE TRIEWEILER
specially concurring.
¶33 I agree that the majority has correctly decided those issues presented on appeal. I write separately to explain that while I do not believe former Rule 41(e), M.R.Civ.P., was unconstitutional for any of those reasons alleged by the Appellant, I do not believe its one-year requirement for the issuance of a summons could survive constitutional attack on other grounds.
*95 ¶34 For example, we have held in Plumb v. Fourth Judicial District Court (1996), 279 Mont. 363, 927 P.2d 1011, that substantive due process is denied when laws bear no rational relationship to a legitimate government objective. Certainly the requirement in former Rule 41(e) that summonses be issued within one year had no relationship to any legitimate governmental objective. Once the summons was issued it could sit in the plaintiffs attorney’s file for nearly two years before it was served. The timeliness of notice to the Defendant had nothing to do with the date on which the summons was issued. No purpose at all was served by requiring that it be issued within one year when it didn’t have to be served for three years from the date on which the complaint was filed.
¶35 To dismiss cases without a resolution on the merits because of failure to comply with a rule that serves no practical purpose is a harsh and pointless result. Had the appropriate arguments been made, my vote would have been other than to affirm the District Court. However, I agree that it is appropriate for the majority to limit their decision to the arguments presented by the parties and leave the issue of substantive due process for another day when the parties on both sides have had an opportunity to fully brief and argue it.
JUSTICE HUNT joins in the foregoing specially concurring opinion.